**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL TIMMS,                               :
                                             :
    Petitioner,                              :
                                             :           Civil Action
       v.                                  :
                                             :           No. 23-1683
BRADLEY BOOHER, et al.,                      :
                                             :
    Defendants.                              :
                                             :
                                             :

**<u>MEMORANDUM</u>**

**J. Younge**                                               **July 11, 2024**

## I.      INTRODUCTION

Currently before this Court is Petitioner Michael Timms' *pro se* Petition for Writ of

Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)[1]  The Court finds this Motion

appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons

set forth in this Memorandum, said Petition is Denied.

## II.     FACTUAL BACKGROUND

Petitioner Michael Timms was convicted by a jury of robbery and theft by unlawful

taking on August 18, 2016.  *Com. v. Timms*, 253 A.3d 290 (table), 2021 WL 1502892, at *2 (Pa.

Super. Apr. 16, 2021).  He was sentenced to ten-to-twenty years' incarceration for the robbery.

*Id*.  Petitioner filed a direct appeal, challenging the sentence and the weight of the evidence,

which was rejected based on the Pennsylvania Superior Court's finding that the Petitioner was

properly sentenced to a "second strike" mandatory minimum due to having committed two

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system,
which does not always match the document's internal pagination.

crimes of violence: a prior robbery and the one at issue in this case. *Id.*, at *3-4. His petition for allowance of appeal was denied. *Com. v. Timms*, 194 EAL 2021, 263 A.3d 1137 (table) (Sept. 28, 2021). On November 24, 2021, the Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9551, identifying a claim of ineffective assistance of counsel but without supporting facts or argument. (*See* State Court Record, ECF No. 11, pp. 208-218.) This petition was dismissed. (*See id*. at 241-242.) The Petitioner subsequently filed a notice of appeal which was dismissed for failure to file a brief. (*See id*. at 244, 257).

The Petitioner filed his *pro se* Petition for Writ of Habeas Corpus on May 2, 2023, claiming that his sentence is illegal because "the trial court imposed a mandatory sentence." (Petition, ECF No. 1.) He has submitted no further argument or brief in support of his position. The District Attorney argues that his claim is not cognizable and lacks merit. (Response, ECF No. 10.) This matter was assigned to United States Magistrate Judge Elizabeth Hey for a Report and Recommendation on June 9, 2023. (ECF No. 5.) On June 18, 2024, Judge Hey issued her Report and Recommendation, finding that the Petitioner was properly sentenced and recommending denial of his Petition. (ECF No. 14.) No objections were filed.

## III.    LEGAL STANDARD

Habeas review is limited and may only be granted if the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2). Factual determinations by the state court are rebuttable only by clear and convincing evidence. *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)). The

"contrary to" clause requires that the decision reached by the state court is "opposite to that reached by [the Supreme] Court on a question of law or [that] the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (200). The "unreasonable application" clause requires that there was an "incorrect or erroneous application of clearly established federal law [that] was also unreasonable." *Werts*, 228 F.3d at 196 (citing *Williams*, 529 U.S. at 411).

## IV.    DISCUSSION

The Petitioner cannot establish that his sentence was improperly applied to him. The wrongful application of a mandatory minimum sentence or other sentencing enhancements to ineligible charges would constitute a violation of a criminal defendant's due process rights. U.S. Const. amend. V. The Court construes the Petitioner's position that his sentence was improper because it was mandatory to mean that the mandatory "second strike" sentence did not apply to him. The Pennsylvania Superior Court has already determined that that sentence was properly applied following his commission of a second crime of violence, *Com. v. Timms*, 2021 WL 1502892, at *3-4, and the Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99 (2013), holding that facts that increase a mandatory minimum sentence for a crime is an element that must be submitted to a jury, does not disturb this.

Under Pennsylvania law, a person "convicted . . . of a crime of violence shall, if at the time of the commission of the current offense [he] had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years." 42 Pa. C.S. § 9714(a)(1). Robbery is a crime of violence, and the Petitioner had been convicted of robbery twice. 42 Pa. C.S. § 9714(g); *Com. v. Timms*, 2021 WL 1502892, at *3. To the extent that the Petitioner challenges the Pennsylvania Superior Court's application of Pennsylvania law to his case, this is

beyond a federal habeas court's review power as it does not challenge his custody under federal law. 28 U.S.C. § 2254(a). To the extent that the Petitioner is challenging his sentence because the question of whether his prior conviction was a crime of violence was not presented to the jury, prior convictions are an exception to the general rule that facts increasing a potential punishment are to be submitted to a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). As such, this Court finds that Plaintiff's claim challenging the legality of the sentence is without merit.

A Certificate of Appealability may only be granted if the Court determines that the Petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that a substantial showing requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). Petitioner has alleged that he was sentenced according to an improper mandatory minimum, which implicates his due process rights as a criminal defendant. U.S. Const. amend. V. For the reasons set forth above, the Petitioner's claim is unavailing. As such, the Court will decline to issue a Certificate of Appealability.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Petition for Writ of Habeas Corpus is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**